IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MICHAEL A. COX, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:22-CV-00008-MTT-CHW |
| | : | |
| Commissioner TIMOTHY C. WARD, *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Plaintiff Michael Cox, a state inmate, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983 regarding his confinement in Baldwin State Prison and Macon State Prison. (Docs. 1, 12). Only his failure-to-protect claims from Baldwin State Prison survived screening. (Docs. 17, 30). Defendants argue that Plaintiff's case must be dismissed because he has not sufficiently alleged claims to survive a qualified immunity defense and because Plaintiff's claims for money damages against Defendants in their official capacities are barred by the Eleventh Amendment. As discussed below, dismissal on those grounds is appropriate, and it is **RECOMMENDED** that Defendants' motion (Doc. 31) be **GRANTED.**

## BACKGROUND

Plaintiff brought this action on December 28, 2021, alleging several constitutional claims related to his confinement at Baldwin State Prison (BSP). (Doc. 1). He later supplemented his complaint to add claims related to his transfer to Macon State Prison (MSP). (Doc. 12). Following screening of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed on his failure-to-protect claims against Defendants Ward, Berry, Martin, and Easley. (Docs. 17,

30). His remaining claims from BSP and his retaliation claim from MSP were dismissed. (*Id*.) Defendants filed a pre-answer motion to dismiss. (Doc. 31). The Court gave Plaintiff notice of the motion and ordered Plaintiff to respond. (Docs. 33). Plaintiff requested an extension of time to respond, which was granted. (Docs. 36, 37). Despite the extension of time, Plaintiff has not filed a response. Defendants assert that they are entitled to dismissal of Plaintiff's claims for money damages against them in their official capacities and to qualified immunity because Plaintiff's complaint does not establish a constitutional violation.

Standard Applied to Motions to Dismiss for Failure to State Claim under Rule 12(b)(6)

Defendants filed their motion to dismiss Plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which permits dismissal for "failure to state a claim upon which relief can be granted." A complaint fails to state a claim under Rule 12(b)(6) if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (second alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

1. Defendants are entitled to qualified immunity.

Defendants argue that Plaintiff's failure-to-protect claims against them in their individual capacities are barred by qualified immunity. (Doc. 31). Although a qualified immunity defense is

2

usually asserted in a motion for summary judgment, "the defense may be raised and considered on a motion on to dismiss." *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001). The defense may be considered on a motion to dismiss because qualified immunity is "'an entitlement not to stand trial or face the other burdens of litigation' [and] questions of qualified immunity must be resolved 'at the earliest possible stage of litigation.'" *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) and *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)) (abrogated on other grounds). Therefore, Defendants' defense of qualified immunity will be considered on their motion to dismiss; but at this stage, unlike at summary judgment, the facts alleged in Plaintiff's complaint must be taken as true and all reasonable inferences will be drawn in his favor. *Chesser*, 248 F.3d at 1121.

Qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotations omitted). Defendants "cannot obtain qualified immunity unless [they establish they were] acting within [their] discretionary authority." *Underwood v. City of Bessemer*, 11 F.4th 1317, 1328 (11th Cir. 2021). It is undisputed that decisions regarding prison administration fall within Defendants' discretionary authority. *See, e.g., Goebert v. Lee Cty.*, 510 F.3d 1312, 1329 (11th Cir. 2007).

Once action under discretionary authority has been established, "the burden shifts to the plaintiff, who must show the [officers are] not entitled to qualified immunity." *Underwood*, 11 F.4th at 1328. "At this stage, [the Court asks] two questions: (1) 'whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right," and (2) if so, 'whether the right at issue was 'clearly established' at the time of the [defendants'] alleged misconduct.'" *Id.* at

3

1328 (quoting *Pearson v. Callahan*, 555 U.S. 223, 231, 232 (2009)). Both must be present to for a plaintiff to prevail. *Id.* The fact that prison officials may "violate the Eighth Amendment by ignoring a known risk than an inmate would be assaulted by other inmates" has long been a clearly established right. *Q.F. v. Daniel*, 768 F. App'x 935 (11th Cir. 2019) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). Thus, Plaintiff's complaint must fail to state a claim for failure-to-protect for which relief can be granted before Defendants are entitled to qualified immunity.

      A.  <u>Defendants are entitled to qualified immunity for Plaintiff's failure to protect claims</u>.

Plaintiff claims that Defendants were deliberately indifferent to the violent conditions at BSP and contends that their failure to protect him led to his being brutally assaulted. (Doc. 1). These claims were permitted to proceed following screening. (Doc. 17). As explained in the screening order, a prisoner asserting a failure-to-protect claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013). Deliberate difference in the failure-to-protect context means that prison officials subjectively knew of the substantial risk of serious harm and the official knowingly or recklessly disregarded that risk. *Id.* at 1332. "The deliberate indifference standard – and the subjective awareness required by it – is far more onerous than normal tort-based standards of conduct sounding in negligence: 'Merely negligent failure-to-protect an inmate from attack does not justify liability under § 1983.'" *Id.* A defendant "must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff cannot simply say that Defendants "should have known" about the threats or "base an inference on mere supposition." *Goodman*, 718 F.3d at 1334; *see also Carter v. Galloway*, 352 F.3d 1346, 1349-1350 (11th Cir. 2003). Defendants argue that Plaintiff's complaint presents no

4

factual "allegations showing subjective awareness of a known and particularized risk and disregard of such risk." (Doc. 31-1, p. 6).

Plaintiff alleges that the ongoing events in his complaint began April 27, 2021. (Doc. 1, p. 5). Plaintiff describes that understaffing and overcrowding at BSP led to unchecked prisoner movement and access to various weapons. (*Id*., p. 5-7). These conditions prevented staff from protecting him from danger and from being attacked. (*Id.*, p. 6, 10). Plaintiff claims that he addressed his security concerns to Defendants Berry and Martin and sent letters to Defendant Ward. (*Id*., p. 4). He does not state that he presented his concerns to Defendant Easley, but apparently assumes that he knows about Plaintiff's security concerns by being the Deputy Warden of Security. (Doc. 12, p. 2). Plaintiff does not specifically allege when he raised his security concerns or what matters he specifically addressed. He also does not say when the alleged assault against him occurred or describe how any of the Defendants would have known the assault was likely to occur yet ignored the threat.

Plaintiff alleges nothing that would have provided Defendants with the subjective knowledge necessary to prevent a specific attack or to cure any other of Plaintiff's security concerns. At best, Plaintiff's theory is that Defendants "should have known" he was in danger of potentially being attacked by another inmate at any time because of the general prison conditions. Plaintiff's allegations about understaffing and resulting high levels of inmate violence, rather than about any specific threat he faced might raise a claim negligence or "dereliction of duty" but do not amount to deliberate indifference to a known risk of specific harm. *See Goodman*, 718 F.3d at 1332-33; *see also, Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) ("Merely negligent failure to protect an inmate from attack does not justify liability under section 1983."). Moreover, Plaintiff has not alleged facts to show that any of the Defendants was in a position to address issues

5

related to understaffing. In the complaint Plaintiff acknowledges (and the Court is aware) that "[a]ll 55 prisons in Georgia are currently understaffed." (Doc. 1, p. 7). Claims based on statewide understaffing, whether because of inadequate funding or a lack of qualified applicants, are essentially claims against the State of Georgia, and such claims are barred by the Eleventh Amendment, as explained below. Because Plaintiff's complaint, even when construed in his favor, does not sufficiently allege facts to show that Defendants subjectively knew Plaintiff was at risk of being assaulted and knowingly and recklessly disregarded that risk, Plaintiff has not stated a claim of deliberate indifference. Defendants are therefore entitled to qualified immunity as to Plaintiff's failure-to-protect claims.

2. Plaintiff's claims for money damages are barred against Defendants in their official capacities under the Eleventh Amendment.

To the extent that Plaintiff seeks to recover money damages against these Defendants in their official capacities, such claims would be barred by the Eleventh Amendment and 42 U.S.C. § 1983. *See generally*, *Kentucky v. Graham*, 473 U.S. 159, 169 n. 17. Defendants were employed by the Georgia Department of Corrections at BSP when the incidents underlying Plaintiff's claims occurred. The State of Georgia has not waived sovereign immunity, and § 1983 was not meant to abrogate a state's Eleventh Amendment sovereign immunity, therefore Plaintiff is barred from suing Defendants in their official capacities for damages. Section 1983 itself also precludes any official-capacity claims against Defendants for nominal damages because the state is not a person for under the meaning of § 1983. *Moody v. City of Delray Beach*, 609 F. App'x 966, 967 (11th Cir. 2015) (quoting *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)). Section 1983 provides no remedy for the Plaintiff against these Defendants in their official capacities.

**CONCLUSION**

It is **RECOMMENDED** that Defendants' motions to dismiss (Doc. 31) be **GRANTED** and that Plaintiff's case be **DISMISSED**.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. Any objection is limited in length to **TWENTY (20) PAGES.** *See* M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 20th day of July, 2023.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge